United States District Court
Southern District of Texas
**ENTERED**
September 09, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Angel Byars o/b/o E.K.J.F., § § § *Plaintiff,* § § § v. § § Kililo Kajakazi,[1] § Acting Commissioner of Social § Security, § § § *Defendant.* § | Civil Action No. 4:23-cv-00391 |

# MEMORANDUM AND ORDER

In this social security appeal, Plaintiff Angel Byars appeals the Commissioner's denial of social security benefits on behalf of her minor child, E.K.J.F. Upon the parties' consent, Dkt. 4, 8, the case was transferred to the undersigned judge. Dkt. 9. After carefully considering the parties' briefs, Dkt. 11, 15, the administrative record, Dkt. 3, and the applicable law, the Court denies Byars's motion for summary judgment (Dkt. 11) and affirms the decision of the Commissioner of Social Security.

---

[1] Although Martin O'Malley became the Commissioner of Social Security Administration on December 20, 2023, no request to substitute him as Defendant has been filed.

## Background

When E.K.J.F. was three years old, his mother, Byars, began noticing that he had various health problems, including difficulties with his speech and behavior. *See* R.71-72. After E.K.J.F. reached age five, Byars filed for social security benefits on his behalf, claiming a disability onset date of April 8, 2020. *See* R.164-74.

The Commissioner denied Byars's application for benefits, both initially and upon reconsideration. R.96-97, 104-08. Byars then requested a hearing before an administrative law judge ("ALJ"). R.116-18. After the hearing, the ALJ issued a decision determining that E.K.J.F. is not disabled. R.43-56.

The ALJ first concluded that E.K.J.F. was a "school-age child" and had not engaged in substantial gainful activity since the alleged onset date. R.47. Next, the ALJ found that E.K.J.F. has the following severe impairments: oppositional defiant disorder, attention deficit/hyperactivity disorder ("ADHD"), and speech and language impairment. R.47. Ultimately, the ALJ determined that those impairments did not meet or medically equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. R.49. In making this determination, the ALJ considered E.K.J.F.'s communication impairment under Listing 111.09, his oppositional defiant disorder under Listing 112.08, and his neurodevelopmental disorder under Listing 112.11. R.49-51.

Finally, the ALJ examined whether E.K.J.F.'s impairments functionally equal a listed impairment. R.51-55. The ALJ found "no limitation" in the domains of moving about and manipulating objects and health and physical well-being; "less than a marked limitation" in the domains of acquiring and using information, attending and completing tasks, and the ability to care for himself; and "a marked limitation in interacting and relating with others." R.52. Accordingly, the ALJ determined that E.K.J.F. did not meet, medically equal, or functionally equal a listed impairment, which led the ALJ to conclude that E.K.J.F. is not disabled. R.51-56.

Byars unsuccessfully appealed the ALJ's decision to the Social Security Administration's Appeals Council, R.1-4, which rendered the decision ripe for this Court's review. *See* 42 U.S.C. § 405(g); *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) ("[Social Security Administration] regulations provide that, if ... the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). This appeal followed. Dkt. 1.

## **Legal Standard**

A reviewing court assesses the Commissioner's denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (internal quotation marks omitted). "Substantial

3

evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is "more than a scintilla, but it need not be a preponderance." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (quoting *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)).

When conducting its review, the Court cannot reweigh the evidence or substitute its judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). But judicial review must not be "so obsequious as to be meaningless." *Brown*, 192 F.3d at 496 (internal quotations omitted). The court must scrutinize the record as a whole, taking into account whatever fairly detracts from the weight of evidence supporting the Commissioner's findings. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

## Analysis

**I.   Legal framework**

Disability claims for individuals under 18 years of age involve a three-step analysis: (1) whether the child has engaged in substantial gainful activity as of the disability onset date; (2) if not, whether the child has a medically "severe" impairment or combination of impairments; and (3) if so, whether the child's impairment or combination of impairments meets, medically equals, or

functionally equals the severity of one of the impairments listed under 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.924(b)-(d).

Under the third step, the ALJ determines functional equivalence by evaluating the "whole child" and considering the child's "actual functioning in all settings." S.S.R. 01-1P, 2009 WL 396031, at *2 (2009). When doing so, the ALJ evaluates six domains: (1) "acquiring and using information"; (2) "attending and completing tasks"; (3) "interacting and relating with others"; (4) "moving about and manipulating objects"; (5) "caring for [one]self"; and (6) "health and physical well-being." 20 C.F.R. § 416.926a (b). Functional equivalence is established if the ALJ finds "marked" limitations in two domains, or an "extreme" limitation in one domain. *Id.* § 416.926a(d). A "marked" limitation is "more than moderate, but less than extreme," and "interferes seriously with [his] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2)(i). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3)(i).

## II. Substantial evidence supports the ALJ's finding that E.K.J.F.'s impairments do not medically equal Listing 111.09A.

Byars's sole contention on appeal is that E.K.J.F.'s speech impairment meets or medically equals the requirements of Listing 111.09A, which concerns speech deficits. *See* Dkt. 11. E.K.J.F. has a severe stutter, requiring weekly

5

speech therapy and accommodations at school. *See* R.219, 329. The ALJ acknowledged E.K.J.F.'s "speech and language delay," but ultimately concluded that the impairment did not meet or medically equal the severity of Listing 111.09, subpart A ("Listing 111.09A").[2] R.49-51.

Under Listing 111.09A, a minor child is disabled if he exhibits a "[c]ommunication impairment, associated with [a] documented neurological disorder" and a "[d]ocumented speech deficit that significantly affects ... the clarity and content of the speech." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 111.09(A). Speech is "significantly affect[ed]" if the deficit "demonstrate[s] a serious limitation in communicating, and a person who is unfamiliar with [the claimant] cannot easily understand or interpret [his] speech." *Id.* § 111.00(K)(2). Evidence of a "recent comprehensive evaluation including all areas of affective and effective communication, performed by a qualified professional" is necessary to satisfy Listing 111.09A. *Id.* § 111.00(K)(1).

### A. E.K.J.F.'s functional limitations do not impact the medical equivalence analysis.

Byars first argues that the ALJ's reasoning elsewhere in the opinion establishes that E.K.J.F's language impairment is medically equivalent to

---

[2] Although the ALJ considered all subparts of Listing 111.09, R.50, Byars only argues that E.K.J.F.'s impairments meet the requirements of subpart A, rather than the alternatives specified in subparts B and C. *See* Dkt. 11 at 5 (citing 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 111.09).

6

Listing 111.09A. In a latter portion of the opinion, the ALJ concluded that E.K.J.F.'s impairments do not functionally equal any relevant listing. *See* R.51-55. As Byars concedes, that functional equivalence analysis is separate and distinct from whether her impairment medically equals a Listing. *See* Dkt. 11 at 5; *see also* 20 C.F.R. § 416.924; *Wilson ex rel. T.M.W. v. Colvin*, 2013 WL 788075, at *3 (S.D. Ala. Mar. 1, 2013) ("The determinations should not be conflated, and ... separate findings should be made as to each."). Byars does not directly challenge the ALJ's conclusion that E.K.J.F's impairments do not functionally equal any listing. Instead, she singles out one finding in that section to maintain that E.K.J.F.'s language impairment medically equals Listing 111.09A. *See* Dkt. 11 at 6 (citing R.52).

When determining if a claimant's impairment or combination of impairments functionally equals a listing, the ALJ examines a claimant's degree of limitation in six domains. 20 C.F.R. § 416.926a(b)(1). As relevant here, the ALJ found a "marked limitation" in the domain of "interacting and relating with others." R.52. That domain concerns, among other things, a claimant's ability to "use the language of [his] community." 20 C.F.R. § 416.926a(i). And a "marked limitation" indicates that the "impairment interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2)(i). According to Byars, the ALJ's "marked" finding in this particular domain dictates a finding that

7

E.K.J.F.'s speech impairment medically equaled Listing 111.09A. *See* Dkt. 11 at 6 (citing R.52).

But Byars misstates both the regulations and the ALJ's findings. The "interacting and relating with others" domain encompasses much more than just speech and communication. *See* 20 C.F.R. § 416.926a(i) (addressing the ability to "initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others"). That is why the ALJ considered multiple impairments when making his findings in this other portion of the opinion.

For example, the ALJ noted Byars's testimony that E.K.J.F. "gets frustrated around others [and] likes to hit people," as well as school records showing he benefits from "special education and other accommodations." R.53-54. But he maintained "good attention and eye contact and required minimum cu[es] to return to task." R.54 (citing R.328). Although E.K.J.F. had "some verbal communicative difficulties," his "[s]peech intelligibility was within normal limits for his age in spontaneous speech." R.53-54 (citing R.328, 338). The ALJ concluded that "the evidence supports a marked limitation in interacting and relating with others *due to a combination of his impairments*." R.55 (emphasis added).

8

As the opinion reflects, the ALJ's functional analysis covered both speech and non-speech limitations. It does not indicate that E.K.J.F.'s speech deficit *alone* would meet or medically equal the very specific requirements of Listing 111.09A. *Cf. Katchenago v. Astrue*, 2008 WL 2704896, at *4 (E.D. Wis. July 8, 2008) (findings concerning the severity of a limitation in the functional equivalence analysis do not allow an ALJ to "forego" the medical equivalence analysis because the two inquiries require separate findings). Byars cannot rely on that separate finding to show that the ALJ erred when concluding that E.K.J.F.'s speech impairment does not medically equal Listing 111.09A.

### B. Objective evidence supports the ALJ's conclusion that E.K.J.F.'s stutter does not medically equal Listing 111.09A.

Byars next argues that the record supports a finding of medical equivalence, citing her own testimony, two consultative examinations, and a survey from E.K.J.F.'s teachers. *See* Dkt. 11 at 5-7 (citing R.72-76, 222, 282-84, 331-33). The Commissioner responds that the ALJ properly concluded that E.K.J.F.'s stutter does not significantly affect his ability to communicate as required by Listing 111.09A. *See* Dkt. 15 at 4-8.

Importantly, only "documentation from a qualified professional" can support a finding of medical equivalence under Listing 111.09A. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 111.00(K)(2). As the ALJ explained, opinions from E.K.J.F.'s mother and teachers had limited probative value because those

9

individuals were "not medically trained" and, "by virtue of [their] relationship," could not be "disinterested third party witness[es]." R.55. Testimony and opinion evidence from E.K.J.F.'s mother and teachers therefore cannot determine whether, under Listing 111.09A, his speech and language delay "significantly affects ... the clarity and content of the speech." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 111.09(A).

Of the objective evidence, Byars identifies two consultive evaluations examining E.K.J.F.'s severe stutter. *See* Dkt. 11 at 6-7 (citing R.282-84, 331-34). In January 2020, speech language pathologist Kandy Jenks noted concerns about the fluency of E.K.J.F.'s speech and recommended that he begin speech therapy "as soon as possible." R.282-84. The ALJ discussed these concerns. *See* R.47. But he also noted that Jenks judged E.K.J.F.'s "overall language skills" as "within functional limits" because he was "able to follow directions, understand quantity, pronouns, and words," "produce four to [f]ive word sentences, name basic objects, and answer basic questions." *Id.*; *see also* R.283. And Jenks observed a "mild" amount of stuttering, notwithstanding the concerns of E.K.J.F.'s family and teachers. R.283.

A year later, another speech pathologist, D. Robin McLeod, made similar findings. *See* R.331-33 (January 14, 2021 record). That evaluation assessed a score of 28 in the speech fluency category, which is in the "severe range." R.332; *see also* R.48 (ALJ noting the same). But McLeod also stated that

E.K.J.F.'s articulation "was in the normal limits for his age and sex" and that overall, he demonstrated only moderate delays. R.332-33. "Prognosis was fair for improvement of language and fluency skills over the next year with the continuation of speech therapy." R.333.

Importantly, both Jenks and McLeod found that E.K.J.F.'s speech was mostly intelligible. *See* R.283 (95% intelligibility); R.332 (an "unfamiliar listener in conversation" would find him intelligible 80% of the time, with an additional 10% improvement upon repetition). Put in terms of Listing 111.09A, "a person who is unfamiliar" with [E.K.J.F.] can "easily understand or interpret [his] speech" most of the time. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 111.00(K)(2). Those findings indicate that E.K.J.F.'s communication abilities are not "significantly affect[ed]" by his limitations. *See id.*

Other record evidence supports the speech pathologists' findings and the ALJ's conclusions. An evaluation in March 2020 found that E.K.J.F. can "sometimes follow directions and is able to orally express what he wants and needs. Usually his speech is understood." R.220. Those findings differed markedly from contemporaneous parent and teacher observations. *See* R.221 (Byars asserting "[s]trangers have difficulty understanding his speech"). A March 2021 psychological exam found that E.K.J.F. had concentration and focus difficulties related to ADHD and noted he "sometimes sp[oke] unintelligibly or spontaneously." R.342. But the examiner did not observe any

11

stuttering. *Id.* A school evaluation in October 2021 noted four "stuttering moments in one 30-minute session," but E.K.J.F. did not "exhibit any significant academic difficulties" and required no devices or services to aid his "verbal expression." R.228-30. The ALJ also found it notable that no treating physician described E.K.J.F. as disabled nor recommended any restrictions related to his impairments. R.54.

At bottom, the ALJ addressed and resolved conflicting evidence when determining that the clarity and content of E.K.J.F.'s speech did not significantly affect his ability to communicate under Listing 111.09A. This Court cannot substitute its judgment for that of the ALJ, even if it were to "believe the evidence weighs against the Commissioner's decision." *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). The ALJ's decision is therefore affirmed.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Angel Byars's Motion for Summary Judgment (Dkt. 11) is **DENIED**, and that the decision of the Commissioner of Social Security is hereby **AFFIRMED**.

Signed on September 9, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge